UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                          CASE NO: 2:14-cr-135-FtM-38CM

JEROME ANTONIO VAUGHN

### ORDER[1]

This matter comes before the Court on Defendant Jerome Antonio Vaughn's Objection (Doc. #68) filed on April 22, 2015.  The Government failed to file a response, and the time to do so has now expired.  The Motion is ripe for review.

### Discussion

On December 3, 2014, a grand jury charged Defendant with a single count of "knowingly and willfully combin[ing], conspir[ing], confederat[ing], and agree[ing]" with other persons to possess and distribute (1) five or more kilograms of cocaine; (2) 28 or more grams of "crack cocaine"; and (3) marijuana.  (Doc. #1 at 1-2).  Believing that the Indictment and the discovery provided were "not [] sufficient to inform [him] of the conspiracy charge against him with sufficient precision to allow him to prepare his defense," Defendant filed a Motion for Bill of Particulars.  (Doc. #55).  In the Motion, Defendant sought substantial factual detail related to his conspiracy charge, including

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

particular dates, names, statements, and acts. (Doc. #55 at 3-4). Thereafter, United States Magistrate Judge Carol Mirando issued an Order denying Defendant's Motion. (Doc. #64). In doing so, Judge Mirando held that "the indictment [was] sufficient to put Defendant on notice of the charges against him, to enable him to prepare a defense[,] and [to] minimize surprise at trial." (Doc. #64 at 7). Now, Defendant files the instant Objection, asking the Court to reconsider Judge Mirando's Order.

In reviewing a magistrate judge's ruling on a non-dispositive matter, the Court must affirm the ruling "unless 'it has been shown that the [ruling] is clearly erroneous or contrary to law." *United States v. Williams*, Case No. 6:13-cr-26-Orl-36TBS, 2014 WL 117091, at *6 (M.D. Fla. Jan. 13, 2014) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Crim. P. 59(a)). Defendant avers that Judge Mirando erred by failing to require the Government to provide particulars as to (1) "the date of the earliest statement and/or event upon which the Government will rely upon to prove the formulation and existence of the conspiracy, and every statement and/or event as to when [] Defendant joined the conspiracy, as well as his co-conspirators"; (2) "the nature of any and all statement and/or events upon which the Government will rely upon to prove that the conspiracy existed for those eight years alleged"; and (3) the "circumstances surrounding any action or statement of the Defendant in furtherance of the conspiracy, including locations, dates[,] and unindicted coconspirators present." (Doc. #68 at 3-4). The Court disagrees.

Federal Rule of Criminal Procedure 7(f) allows a court, in its discretion, to direct the government to file a bill of particulars. A bill of particulars "inform[s] the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a

later prosecution for the same offense." *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985) (citation omitted).  It is not a tool to gain generalized discovery. *Id.*  Nor may it "be used to compel the government to provide the essential facts regarding the existence and formulation of a conspiracy" or require the government to identify "all overt acts that may be proven at trial." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) (citations omitted).

A review of Judge Mirando's Order reveals that it is not clearly erroneous or contrary to law.  In fact, the Order illustrates that not a single concern warranting a bill of particulars is present.  To begin, the Indictment "identifies the time and place for the alleged conspiracy" and "the unlawful acts [that] were committed." (Doc. #64 at 5).  And, because the charged conspiracy relates to narcotics, "[t]he [c]onspiracy count [also] identifies the particular substances and quantities at issue." (Doc. #64 at 5).  Not to mention, "[t]he remaining substantive counts allege a specific time and place for the individual acts and identify by which [D]efendant(s) they are alleged to have been committed." (Doc. #64 at 5).  In addition, "[t]he Government represent[ed] that it [] provided discovery materials [to Defendant] that contain additional information as to Defendant's alleged role in the conspiracy, including law enforcement reports, copies or photos of physical evidence, and search warrant affidavits." (Doc. #64 at 6 (citing Doc. #57 at 7)).

In the Court's view, these disclosures, cumulatively, allow Defendant to prepare his defense, to be aware of the facts surrounding his case so that they are not a surprise at trial, and, if warranted, to plead double jeopardy.  This, in and of itself, illustrates that a bill of particulars is unnecessary.  *See United States v. Martell*, 906 F.2d 555, 558 (11th

3

Cir. 1990) ("[A] defendant is not entitled to a bill of particulars with respect to information which is already available through other sources."). Indeed, Defendant may want additional details beyond those provided in the indictment or through discovery. But a bill of particulars is not a tool that allows defendants to obtain every fact that the government may possess regarding a conspiracy. See Rosenthal, 793 F.2d at 1227. Therefore, without any substantive objections illustrating that Judge Mirando's Order was clearly erroneous or contrary to law, the Order must be affirmed and Defendant's Objection must be overruled. See Williams, 2014 WL 117091, at *7 (affirming magistrate judge's denial of request for bill of particulars where the denial was not clearly erroneous or contrary to law).

      Accordingly, it is now

      **ORDERED:**

United States Magistrate Judge Carol Mirando's April 15, 2015 Order (Doc. #64) is **AFFIRMED** and Defendant's Objection (Doc. #68) is **OVERRULED.**

      **DONE AND ORDERED** at Fort Myers, Florida, this May 6, 2015.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record