UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                    CASE NO: 2:14-cr-135-FtM-38CM

JEROME ANTONIO VAUGHN

_____

### ORDER[1]

This matter comes before the Court on the Defendant, Jerome Antonio Vaughn's

Motion to Dismiss (Doc. #100) filed on September 29, 2015.  The United States of

America (Government) filed its Response in Opposition (Doc. #102) on October 9, 2015.

The Motion is fully briefed and ripe for the Court's review.

### BACKGROUND

The Grand Jury returned a three (3) count Indictment against the Defendants,

Leslie Chin, his brother Andrew Chin, and Jerome Vaughn on December 3, 2014.

Vaughn, Leslie Chin, and Andrew Chin were charged in Count I of the Indictment with

conspiring with each other and with other persons, both known and unknown to the Grand

Jury, from in or about 2005, to in or about 2013, in Charlotte County in the Middle District

of Florida, and elsewhere, to possess and distribute five or more kilograms of cocaine,

[twenty-eight] 28 or more grams of cocaine base, crack cocaine, and an unspecified

amount of marijuana.  Vaughn was not charged in the remaining Counts of the Indictment.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Vaughn is currently serving a fifteen (15) year sentence in South Carolina after pleading guilty to trafficking in cocaine, trafficking in crack cocaine, and possession of stolen weapon, in Sumter County, South Carolina on February 19, 2013.  On January 27, 2015, Vaughn was brought to this jurisdiction pursuant to writ to answer the conspiracy charges in the instant indictment.

On April 17, 2012, Florida Highway Patrol (FHP) stopped defendant Leslie Chin on Veterans Parkway in Charlotte County, Florida for driving 60 miles per hour (mph) in a 45mph speed zone.  The vehicle was registered to Andrew Chins' girlfriend L.P.S.  A drug enforcement K-9 was called to the scene.  The K-9 alerted to narcotics in the vehicle. After searching the vehicle, Troopers discovered a hidden compartment in the vehicle's dashboard.   The compartment contained marijuana residue and an ION scan test revealed trace amounts of cocaine.  On April 24, 2012, Leslie Chin visited Andrew Chin who was incarcerated in Charlotte County on unrelated charges.   During the visit, the Chin brothers discussed the placement of the front airbag in the trunk of the vehicle after it had been removed from the vehicle's dashboard.  Andrew Chin advised Leslie Chin to caution everyone that they needed to do a better job of hiding the removed airbag when they placed the front airbag in the trunk of the car.

Subsequent to the April 17, 2012, stop, the Government recovered photos of Vaughn with Co-Defendant, Leslie Chin from sometime in March of 2012 taken off of Chin's cell phone.  In that photo, Vaughn is shown holding a bag and a stack of currency. Leslie Chin is also shown holding what appears to be the same bag and stack of currency. The Government alleges that this photo was taken while Leslie Chin visited Sumter, South Carolina.  The cell phone's GPS feature shows the photos were taken in hotel rooms on

Broad Street in Sumter, South Carolina. The hotel records show that Leslie Chin stayed at the Super 8 motel in Sumter, South Carolina, on February 25, 2012, the Quality Inn hotel in Sumter on March 2, 2012, and again on March 12, 2012. On March 12, 2012, prior to leaving the Quality Inn in Sumter, Leslie Chin left a hand written note at the front desk of the hotel requesting the hotel staff to maintain his $100.00 deposit for Jerome Vaughn. Records further show that on April 7, 2012, Leslie Chin again stayed at the Quality Inn hotel in Sumter, South Carolina.

Other facts that the Court will analyze to rule on the underlying motion took place prior to 2012 wherein on September 21, 2011, the Florida Highway Patrol (FHP) stopped Leslie Chin. Riding with Chin in the vehicle was a passenger, B.D. Leslie Chin stated that he was driving B.D. to the airport. B.D. was dressed as a flight attendant and told Troopers that he was a flight attendant and Chin was taking him to the Fort Myers airport for B.D. to catch a flight to JFK in New York. The FHP had a drug enforcement K-9 sniff the vehicle and the dog alerted to the presence of narcotics. Troopers searched the vehicle and uncovered three (3) grams of cocaine on the right passenger side floorboard along with $50,840 in cash. Additionally B.D. had $7,190 on his person.

Leslie Chin later advised unindicted co-conspirator H.C. from South Carolina that he had a flight attendant who transported money for him from Florida to Atlanta for the organization that supplied Chin with cocaine. Leslie Chin advised H.C. that he and the flight attendant were arrested in Florida with a small amount of cocaine and $58,000.00 in cash. Leslie Chin told H.C. that the money seized was his and that the flight attendant was delivering the money to Atlanta as payment for the future purchase of cocaine.

Witness H.C. will allegedly testify that sometime in 2011, when H.C. was incarcerated, H.C. put Leslie Chin in contact with Vaughn.  H.C. states that a few weeks later, still in 2011, Leslie Chin delivered ten (10) to fifteen (15) ounces of cocaine and one to two pounds of marijuana to Vaughn in South Carolina.  H.C. also states that he and Vaughn drove to Atlanta, Georgia, to purchase cocaine from Leslie Chin and a person identified as J.B., however, the cocaine purchase was unsuccessful.  H.C. says that approximately a month later he and Vaughn purchased three (3) kilograms of cocaine from Leslie Chin in Sumter, South Carolina.  Vaughn distributed the cocaine through his network in South Carolina.

Witness A.B.J.H. offers testimony alleging that Leslie Chin along with a person identified as Jon B. delivered cocaine and crack cocaine, and marijuana, to Vaughn three (3) times in 2011.  A.B.J.H. said the deliveries all occurred in Sumter, South Carolina. A.B.J.H. will allegedly testify that Vaughn distributed the drugs through his South Carolina network.  A.B.J.H. also says that he and Leslie Chin returned to South Carolina to pick up cash for the drugs.

Witness M.K. purchased user amounts of cocaine from Vaughn and received cocaine as payment for doing mechanic work on Vaughn's cars.  M.K. told the Government that Vaughn once asked him to drive with him to Atlanta to pick up some cocaine, but the trip never occurred.  That is all of M.K.'s testimony.

Witness H.L. will allegedly testify that he supplied Vaughn with approximately anywhere from two (2) ounces to two (2) kilograms of cocaine, however, H.L. has no information or knowledge about Vaughn's alleged involvement in an eight (8) year drug conspiracy.

**STANDARD OF REVIEW**

In criminal proceedings, there is no summary judgment mechanism. U.S. v. Faircloth, No. 2:14-CR-76-FTM-38MRM, 2015 WL 4757192, at *1-2 (M.D. Fla. Aug. 12, 2015) (citing U.S. v. Critzer, 951 F.2d 306, 307 (11th Cir.1992) (per curiam)). "Nor do the rules provide for a pre-trial determination of sufficiency of the evidence." Faircloth, 2015 WL 4757192, at *1-2.  This, of course, is because the resolution of factual questions is the sole province of the jury. Id. (citing U.S. v. Antonucci, 663 F. Supp. 243, 245 (N.D.Ill.1987) ("At the motion to dismiss stage, however, [the court] cannot decide as a matter of law something which turns on the specific facts of th[e] case.")). "Moreover, this court is constitutionally barred from ruling on a hypothetical question." Critzer, 951 F.2d at 307. A motion to dismiss an indictment targeted at the substance of the offense may therefore only be granted if there is a legal infirmity in the indictment. Faircloth, 2015 WL 4757192, at *1-2; U.S. v. Belcher, 927 F.2d 1182, 1185 (11th Cir.1991) (citing U.S. v. Torkington, 812 F.2d 1347, 1354 (11th Cir.1987)). Thus, if the factual allegations of the indictment are sufficient to state the offense charged, the indictment is not deficient and a motion to dismiss aimed at the substance of the charge must be denied. U.S. v. Ferguson, 142 F.Supp.2d 1350, 1353–1354 (S.D.Fla.2000).

Issues which are properly raised, and decided, by a pretrial motion to dismiss are those that are "capable of determination without the trial of the general issue." Fed. R. Crim. P. 12(b). Included amongst these issues are jurisdictional claims that "the applicable statute is unconstitutional or that the indictment fails to state an offense."

Faircloth, 2015 WL 4757192, at *1-2 (quoting U.S. v. Montilla, 870 F.2d 549, 552 (9th Cir.1989)). "As the language of the rule indicates, when the issue raised involves a question that may not be determined without 'trial of the general issue' it is not proper for a decision by pretrial motion." Faircloth, 2015 WL 4757192, at *1-2.

The 'general issue' has been defined as evidence relevant to the question of guilt or innocence." U.S. v. Ayarza–Garcia, 819 F.2d 1043, 1048 (11th Cir.1987); see also U.S. v. Alfonso, 143 F.3d 772, 777 (2nd Cir.1998). If a claim or defense, even a constitutional one, implicates the "general issue," the proper procedure is to defer ruling until after the prosecution has presented its case. See Ayarza–Garcia, 819 F.2d at 1048. After the prosecution's case-in-chief has been presented, a legal issue that is intertwined with the underlying facts of the case may be properly addressed through a motion for judgment of acquittal, pursuant to Fed. R. Crim. P. 29 or submitted to the jury. See id. at 1048–49; Fed. R. Crim. P. 12(e).

In sum, the Court's review at this stage of the proceeding is very limited. The Court may dismiss the case based upon: (1) a legal infirmity or defect in the charging instrument; or (2) a purely legal question, such as a determination that the statute is unconstitutional. Any issues that require consideration of the facts underlying this prosecution, however, are not the proper subject of a pretrial motion to dismiss. Ferguson, 142 F.Supp.2d at 1353.

## DISCUSSION

Vaughn argues the facts presented by the Government do not support the Government's allegations that he was participated in a conspiracy with the Co-Defendants involving the sale or distribution of cocaine, crack cocaine, or marijuana in

Charlotte County, Florida or the Middle District of Florida or any other act in furtherance of the alleged conspiracy in this District.  Vaughn contends that any acts involving his participation in the sale and distribution of cocaine, crack cocaine, and marijuana took place in South Carolina. Therefore, Vaughn argues that venue is improper in the Middle District of Florida and the case must be dismissed against him because he did not commit any acts in furtherance of the alleged conspiracy within the Middle District of Florida.

The Government argues that the question of whether the evidence establishes a single conspiracy is a fact finding for the jury and, even if multiple conspiracies arguably exist, there will be no variance if, viewing the evidence in the light most favorable to the Government, a reasonable trier of fact could find beyond a reasonable doubt the existence of a single conspiracy. U.S. v. Reed, 980 F.2d 1568, 1581 (11th Cir.1993), cert. denied, 509 U.S. 932 (1993); U.S. v. Prince, 883 F.2d 953, 959 (11th Cir.1989).

Thus, the Court must review the evidence to determine if a conspiracy existed and whether or not venue is proper to prosecute Vaughn as part of that conspiracy in the Middle District of Florida.

### (1) *Whether a Conspiracy Existed*

To determine whether a jury could reasonably find that the evidence establishes a single conspiracy beyond a reasonable doubt, the Court must consider: (1) whether a common goal existed; (2) the nature of the underlying scheme; and (3) the overlap of participants. United States v. Huff, 609 F.3d 1240, 1243 (11th Cir. 2010).  "The government must establish interdependence amongst the co-conspirators." U.S. v. Seher, 562 F.3d 1344, 1366 (11th Cir.2009). The Eleventh Circuit has explained that:

> The existence of separate transactions does not have to imply separate conspiracies if the co-conspirators acted in *concert* to

> further a common goal. Courts typically define the common goal element as broadly as possible, with "common" being defined as "similar" or "substantially the same." If a defendant's actions facilitated the endeavors of other co-conspirators, or *facilitated the venture as a whole,* then a single conspiracy is shown. Each co-conspirator thus does not have to be involved in every part of the conspiracy.

Id. (quotations and citations omitted).

In this instance, the Government produced evidence that Vaughn and Leslie Chin had contact with each other in Sumter, South Carolina.  Witness A.B.J.H. will offer testimony alleging that Leslie Chin along with a person identified as Jon B. delivered cocaine and crack cocaine, and marijuana, to Vaughn three (3) times in 2011.  Witness H.C. will testify that sometime in 2011, when H.C. was incarcerated, H.C. put Leslie Chin in contact with Vaughn.  H.C. states that a few weeks later, still in 2011, Leslie Chin delivered ten (10) to fifteen (15) ounces of cocaine and one (1) to two (2) pounds of marijuana to Vaughn in South Carolina.  Further the photo evidence taken from Chin's cell phone after a traffic stop on April 17, 2012, demonstrates a connection between Vaughn and Leslie Chin involving the sale and distribution of narcotics.

Vaughn pled guilty to selling cocaine, crack cocaine, and marijuana in South Carolina.  The Government has presented witnesses that will testify that Leslie Chin delivered cocaine, crack cocaine, and marijuana from Charlotte County, Florida to Vaughn in South Carolina.  There is photographic evidence that Vaughn and Chin knew one another and Vaughn's contact information was found on Leslie Chin's cell phone.  Therefore, there is sufficient evidence that Chin and Vaughn had a common goal in an underlying scheme to distribute and sell narcotics.  As such, the Government provides sufficient evidence to establish that a conspiracy existed between Vaughn and Chin to distribute and sell cocaine, crack cocaine and marijuana.

### (2) Whether Venue is Proper in the Middle District of Florida

"This Court reviews a challenge to venue in the light most favorable to the government . . . ." U.S. v. Matthews, 168 F.3d 1234, 1246 (11th Cir.) opinion amended on denial of reh'g sub nom. U.S. v. Moore, 181 F.3d 1205 (11th Cir. 1999) (quoting U.S. v. Smith, 918 F.2d 1551, 1557 (11th Cir.1990)).  Title 18 of the United States Code, governing the jurisdiction and venue of the federal courts, provides that "any offense begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. 3237(a). Where a conspiracy is concerned, venue is thus proper in any district where "an overt act" was committed in furtherance of the conspiracy. Matthews, 168 F.3d at 1246 (citing U.S. v. Moore, 181 F.3d 1205 (11th Cir. 1999)). The overt act need not be committed by a defendant in the case; the acts of accomplices and unindicted co-conspirators can also expose the defendant to jurisdiction. Matthews, 168 F.3d at 1246 (citing U.S. v. Delia, 944 F.2d 1010, 1014 (2d Cir.1991)). Moreover, the fact that a majority of a conspiracy's activity took place in a venue other than the one where the trial takes place does not destroy venue. U.S. v. Dabbs, 134 F.3d 1071, 1079 (11th Cir.1998).

The evidence presented by the Government establishes that Leslie Chin operated his alleged illegal narcotics business out of Charlotte County, Florida within the Middle District of Florida, Fort Myers, Division.  The evidence also establishes that Vaughn distributed and sold cocaine, crack cocaine, and marijuana out of Sumter, South Carolina.

The evidence presented by the Government also demonstrates that Vaughn and Leslie Chin had contact in Sumter, South Carolina and that Leslie Chin travelled to Sumter from Charlotte County, Florida to allegedly sell cocaine, crack cocaine, and marijuana to Vaughn for distribution through his network in South Carolina.

Contrary to Vaughn's position, merely because he maintained his end of the alleged conspiracy in Sumter, South Carolina, while Leslie Chin operated in Charlotte County, Florida does not mean venue is improper in the Middle District of Florida. Id.  As noted above "any offense begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).  Therefore, since Leslie Chin's operation originated in Charlotte County, Florida within the Middle District of Florida and Chin travelled from Charlotte County, Florida to South Carolina to deliver cocaine, crack cocaine, and marijuana to Vaughn, the Middle District of Florida is a proper venue for this case. Matthews, 168 F.3d at 1246.

## CONCLUSION

Based upon the information provided in the Parties Memoranda of Law, the Court finds, at this point in the proceedings, that there is sufficient evidence for a reasonable juror to find that a conspiracy to distribute and sell cocaine, crack cocaine, and marijuana between Vaughn, Leslie Chin, and Andrew Chin existed.  Further the Court finds that venue in the Middle District of Florida is a proper venue as authorized by 28 U.S.C. § 3237 to prosecute this action.  Therefore, the Motion to Dismiss is due to be denied.

Accordingly, it is now

**ORDERED:**

The Defendant, Jerome Antonio Vaughn's Motion to Dismiss (Doc. #100) is

**DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 30th day of November, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record