UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 2:14-cr-135-SPC-DNF

JEROME ANTONIO VAUGHN

## OPINION AND ORDER

Before the Court is Defendant Jerome Antonio Vaughn's pro se Construed Motion to Award Additional Jail Time Credit. (Doc. 321). The Government has not filed a response. Regardless, for the following reasons, the construed motion is denied.

Defendant pled guilty to one drug-related count. In June 2016, the Court sentenced him to 151 months' imprisonment, to run concurrent, but not coterminous, with the sentence imposed in 12GS43181 (Sumter, SC). (Doc. 218). In the motion, Defendant explains that his state sentence ended October 31, 2025, and the Bureau of Prisons incarcerated him thereafter because his federal sentence lasts through March 16, 2027. (Doc. 321 at 1). However, he believes that he has served all time required if his federal and state sentences are calculated to run concurrently. (*Id.*). Accordingly, he asks the Court to "please help [him] out with this situation." (*Id.* at 2).

The Court lacks statutory authority to grant Defendant the relief he seeks. It is up to the Attorney General, not the courts, to determine the amount of a defendant's jail-time credit. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992). "The granting of credit for time served 'is in the first instance an administrative, not a judicial, function.'" *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989)). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *Id.* (citing *Flanagan*, 868 F.2d at 1546).

Here, there is no evidence that Defendant has exhausted his administrative remedies within the Bureau of Prisons regarding the calculation of jail-time credits. Nevertheless, the Court independently reviewed the Defendant's status, and Defendant's understanding of his situation is incorrect. He was brought to federal custody on a writ from South Carolina state court on January 2, 2015. He was returned to South Carolina to finish serving his state court sentence. His federal detainer was closed, and he was taken into federal custody on October 30, 2025. In sum, the time he was held in federal custody before sentencing was credited toward his state, not federal, sentence. He cannot get credit from the State and the Federal authorities at the same time.

Accordingly, it is now

**ORDERED:**

Defendant Jerome Antonio Vaughn's pro se Construed Motion to Award Additional Jail Time Credit. (Doc. 321) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on December 17, 2025.

*Sheri Polster Chappell*
**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record